[Civ. No. 8533. Third Dist. Mar. 14, 1955.]

BEARD LAND AND INVESTMENT COMPANY (a Corporation), Respondent, v. CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION et al., Appellants.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, William L. Shaw and Vincent P. Lafferty, Deputy Attorneys General, for Appellants.

Hoover, Lacy & Bienvenu and Francis O. Hoover for Respondent.

SCHOTTKY, J.—Respondent, a California corporation engaged in various activities including transactions in real estate and in the securities of other corporations, was subject to the California Unemployment Insurance Act and also to the Federal Unemployment Tax Act (formerly title IX of the Social Security Act), during the period in question. The Department of Employment levied an assessment upon respondent in the amount of $140.66 and interest for the period of July 1, 1942, to September 30, 1944. The additional assessment was based entirely upon amounts paid to the directors of the respondent corporation. During the period involved in this action the seven directors of the respondent met on an average of once a month. At these meetings the financial statements of the respondent were discussed, matters of policy were decided, and all purchases and contracts involving expenditures in excess of a certain amount were authorized before being placed into effect. The directors each received fees of $40 per meeting. Several of the directors also served as officers of the corporation without additional compensation.

The issue of tax liability of respondent for this additional assessment was tried before the statutory referee of the Department of Employment and subsequent thereto the decision of the California Unemployment Insurance Appeals Board issued denying respondent's claim for a refund.

Respondent then commenced an action pursuant to section 45.11, subdivision (b), of the Unemployment Insurance Act to recover the amount of the payments which were based on the fees paid to the directors of the respondent corporation for their services as directors.

The trial court concluded that the fees or compensation of $40 a month paid by respondent to its directors was not subject to assessments under the California Unemployment Insurance Act, "for the reason that they are not wages or salaries paid to employees of the plaintiff corporation, and the said directors are not employees of the said corporation; that compensation paid to the directors of a corporation for

services rendered to the corporation as directors thereof are not wages, as the term 'wages' is defined by and used in the Unemployment Insurance Act of the State of California; the services rendered by directors of a corporation as such to the corporation and for the corporation of which they are directors, for attending meetings of the boards of directors of such corporations, or in otherwise discharging the duties ordinarily and properly appertaining to the functions, duties, and authority of directors as such, are not and do not constitute employment, as the word 'employment' is defined and used in the Unemployment Insurance Act of the State of California; a corporation, in its relation to its directors as such, is not an employer as the word 'employer' is used in the Unemployment Insurance Act of the State of California; no employer contributions are required by the Unemployment Insurance Act of the State of California, of or from corporations, on account of compensation paid by such corporations to their directors for services rendered by such directors in their capacity as directors of such corporations; and no employee contributions are required to be paid by directors of a corporation, or to be deducted from compensation paid to such directors, for services rendered by them in their capacity or in the exercise of their office or authority or the discharge of their functions or duties as directors of such corporations.''

Judgment was entered in favor of respondent, appellant's motion for a new trial was denied and this appeal is from the judgment.

Appellant contends that the trial court was in error in that it failed to apply section 7, subdivision (j), of the Unemployment Insurance Act, which appellant asserts specifically covers the situation here presented and brings such compensation paid to directors within the act.

Section 7, subdivision (j), of the Unemployment Insurance Act, in effect at all times here involved, provides:

"Sec. 7. The term 'employment' does not include:

"(j) Service performed by directors of a corporation or association receiving a per diem of not more than twenty dollars for attending meetings of the board of directors, with or without a reasonable mileage for going to and from meetings of the board and other reasonable expenses incidental to attending such meetings where the corporation or association is not subject to a tax under Title IX of the Social Security Act.''

(Stats. 1939, ch. 628; Deering's Gen. Laws, Act 8780d; amended by Stats. 1945, ch. 793, p. 1484, where the only change was to insert the figures "($20)" after the words "twenty dollars" and to insert the words "Federal Unemployment Tax Act" in place of "Title IX of the Social Security Act." The section is now section 637 of the Unemployment Insurance Code.)

Appellant argues that it is apparent from the language of the statute above set forth that the compensation paid to directors of a corporation is only exempt from the provisions of the California Unemployment Insurance tax if (1) the director's compensation for attending such meeting be less than $20, and (2) the corporation is *not* subject to the Federal Unemployment Tax Act. Appellant argues further that if these requirements are not fulfilled then such directors are regarded as employees of the corporation for the purposes of unemployment insurance tax, and that the stipulated facts in the instant case show that the compensation was $40, well in excess of the statutory limit, and also that the corporation was subject to the Federal Unemployment Tax Act.

Respondent in reply contends that the subject of the legislation is employment and that directors are not employees of corporations and that services of a director are not included within the definition of employment in the act. Respondent does not attempt to analyze the quoted language of the act but states:

"Of course lawyers make mistakes and many legislators and reformers and accountants are not even lawyers.

"It seems that about as well as we can do will be to avoid any effort to assign any dignified justification for the inclusion of this provision in the statute and simply say that it was put there by someone who didn't know any better and passed without notice.

. . . . . . . . . . . . .

"We conclude that Section 7(j) of the Act simply was included in this intricate legislative plan, gotten together and enacted under pressure for time, without having received any mature consideration one way or another"

Respondent does not contend that the Legislature was without power to provide that directors of a corporation who receive in excess of $20 for attending a meeting of the board of directors should be regarded as employees for the purpose of the unemployment insurance tax, but in effect

argues that said section 7, subdivision (j), is meaningless and of no significance. However, we must bear in mind the language of section 1858 of the Code of Civil Procedure which provides that "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained thereon, not to insert what has been omitted, or to omit what has been inserted"; and that section 1859 provides that "In the construction of a statute the intention of the legislature . . . is to be pursued if possible."

We think it is clear that the Legislature in enacting section 7, subdivision (j), in 1939 intended to provide that where, as in the instant case, a director receives a *per diem* of more than $20 for attending meetings of the board of directors, such earnings are taxable under the Unemployment Insurance Act. That the Legislature had the power to so provide cannot be doubted. Respondent makes a cogent and forceful argument against the logic and wisdom of such a provision, but such argument merely goes to the wisdom and policy of such legislation and would be more appropriately addressed to a legislative committee considering the legislation than to a court which is construing it. It is not without significance that said section 7, subdivision (j), was adopted in 1939 and was later incorporated without change in the Unemployment Insurance Code as section 637, and also that there have been seven regular sessions of the Legislature since section 7, subdivision (j), was originally enacted. Bearing in mind that the Legislature has the advice and assistance of a highly trained and very efficient Legislative Counsel Bureau, we may safely assume that if said section did not express the intention of the Legislature in adopting it, it would have long since been amended or repealed.

Public policy is a matter for determination by the Legislature and courts have no right to interfere with such determination by the Legislature so long as no constitutional right or guaranty has been infringed upon. As was well said by that great jurist, Justice Stephen J. Field, in the early California case of *Ex parte Newman,* 9 Cal. 502, at page 520: "It is not for the judiciary to assume a wisdom which it denies to the Legislature, and exercise a supervision over the discretion of the latter. It is not the province of the judiciary to pass upon the wisdom and policy of legislation; and when it does so, it usurps a power never conferred by the Constitution."

In view of the foregoing we conclude that the trial court erred in holding that the fees or compensation of $40 per month paid by respondent to its directors was not subject to assessments under the California Unemployment Insurance Act.

The judgment is reversed with directions to the trial court to enter judgment in favor of appellant.

Van Dyke, P. J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 11, 1955.